UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANCE INDUSTRIES, LLC a/k/a ALLIANCE SHEET METAL, LLC COMPANY, <br><br> Defendant. | Civil Action No. 1:22-cv-00155 (RDA/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC"), (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) ("Motion") against Defendant Alliance Industries, LLC a/k/a Alliance Sheet Metal, LLC ("Defendant" or "Alliance"). Dkt. No. 7. After Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** on Count I of the Complaint.

## I.     INTRODUCTION

On February 11, 2022, Plaintiffs filed this action under Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451, and under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (collectively, "Acts"). Compl. ¶ 1. These Acts allow parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek delinquent contributions, accrued interest, liquidated damages, and attorney's fees and costs, pursuant to ERISA and the LMRA. *Id*.

### A.  Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under two federal laws, ERISA and the LMRA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of LMRA, 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen of the United States would have difficulty showing such extreme inconvenience or unfairness. *Id*. Here, the Funds are administered in Falls Church, Virginia, (Compl. ¶ 3), which is within the Eastern District of Virginia and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under New Jersey law and has its principal place of business in New Jersey, (Compl. ¶ 12), it would be "highly unusual" for Defendant to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district, and their principal place of business is in Falls Church, Virginia. *See* Compl. ¶ 3. Therefore, venue is appropriate in this Court.

### B.  Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h). On March 10, 2022, a private process server served a true and correct copy of the Summons and Complaint on Jason Williams, who was designated by law to accept service of process on behalf of Alliance. Dkt. No. 4. Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default Judgment

Plaintiffs filed their Complaint on February 11, 2022. Dkt. No. 1. Defendant has failed to

appear, answer, or file any other responsive pleadings in this matter. On May 2, 2022, Plaintiffs filed a Request for Entry of Default with the Clerk. Dkt. No. 5. On May 9, 2022, the Clerk entered default against the Defendant. Dkt. No. 6. On May 10, 2022, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on June 3, 2022. Dkt. Nos. 7-12. After Defendant failed to appear at the June 3, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 12.

## II.      EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil

Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Plaintiffs—NPF, ITI, SASMI, SMOHIT, and NEMIC—are the trustees of multi-employer employee benefit plans administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia. Compl. ¶¶ 5–10. Defendant is a New Jersey corporation with its principal place of business in Franklin, New Jersey. *Id.* ¶ 12. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id*.

Defendant is signatory to the Standard Form of Union Agreement and Addenda ("CBA" or "Agreement") with Local Union Nos. 25 and 28 ("Local 25", "Local 28" or the "Union"), and is obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs for all hours worked or paid on behalf of Defendant's covered employees. Compl. ¶¶ 13-14. During the period of September through December 2021, Defendant employed certain employees within the jurisdiction of Local 25 and Local 28 who were covered under the Agreement. *Id.* ¶ 20. Defendant failed to make all obligatory contributions to Plaintiffs for work performed at the Defendant's request for the aforementioned period. *Id*. The Fund's records show that Alliance owes $404,672.46 in unpaid contributions, $5,092.89 in interest (calculated through January 31, 2022), and $80,934.49 in liquidated damages as a result of its delinquent contributions. *Id.* ¶ 24.

To date, Defendant has not cured its failure to make any of its statutorily required contributions to Plaintiffs. *Id.* ¶ 26. The amount owed by Defendant for the period of September through December 2021 is $490,669.82 plus additional daily interest accruing through the date of payment. *Id.* ¶ 25.

### A. Count I –Delinquent Contributions

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan not to exceed 20 percent of the unpaid contributions, reasonable attorney's fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

According to the Agreement and the Trust Document signed by Defendant, Defendant was obligated to provide reports to Plaintiffs and timely contribute to the Funds in accordance with those reports. Br. in Supp. of Pl.'s Mot. for Default J. at 8. Notwithstanding, Defendant failed to timely remit contributions owed during the period of September through December 2021. *See* Anderson Decl., ¶¶ 10-12. Article V, Section 2 of the Trust Document requires a delinquent employer to pay: (1) interest on the delinquent contributions at a rate of 0.0233% per day, (2) liquidated damages equal to the greater of fifty dollars or ten percent of the contributions due for each month of contributions that the Company fails to pay, (3) liquidated damages equal to the greater of interest on the delinquent

contributions at the above rate or twenty percent of the delinquent contributions owed upon the commencement of litigation, and (4) attorneys' fees and costs incurred by the Funds in pursuing this action. *Id.* at 4. In that regard, Plaintiffs filed a supplement in support of its motion, reflecting that Defendant owes contributions in the amount of $404,672.46, $15,561.75 in interest (calculated through January 31, 2022), $80,934.55 in liquidated damages on unpaid contributions. *Id.* ¶ 11. Therefore, the undersigned finds that Defendant owes $501,168.76 to the Plaintiff Funds as a result of its delinquent contributions. *Id.* ¶ 12.

### B.     Attorney's Fees and Costs

Finally, Plaintiffs seek $3,240.00 in attorney's fees and $529.79 in costs. *See* Decl. of Diana M. Bardes ¶¶ 5-6. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from their attorney and a detailed billing statement in support of their request for attorney's fees and costs. Dkt. No. 8-2. In those documents, Plaintiffs claim $529.79 in costs and $3,240.00 in attorney's fees based on 15.6 hours of counsel time spent at a litigation rate of $275.00 per hour for partners and a litigation rate of $150.00 per hour for paralegals. *Id.* ¶¶ 5-6. Time spent by counsel includes researching legal theories, drafting and filing the complaint, arranging for service of process, drafting and filing clerk's entry of default, and drafting the motion for default judgment and supporting documents. *Id.* at ¶ 5. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiffs' request for attorney's fees and costs to be reasonable and recommends an award of $3,769.79.

### IV.     RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air

Conditioning Industry, the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' Occupational Health Institute Trust, and the National Energy Management Institute Committee. In sum, Plaintiffs are entitled to damages in the total amount of $501,168.76 and attorney's fees and costs in the amount of $3,769.79, for a total of $504,938.55.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Alliance Industries, LLC
7 Hidden Valley Drive
Vernon, NJ 07462

August 10, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge